**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-22362-ALTMAN**

**MICHAEL IRVINE**,

      *Petitioner*,

*v.*

**STATE OF FLORIDA**,

      *Respondent.*

_____/

## <u>ORDER</u>

The Petitioner, Michael Irvine, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the constitutionality of his state-court sentence in Florida's Eleventh Judicial Circuit Court. *See* Petition [ECF No. 1]. He has also filed an accompanying memorandum of law. *See* Memorandum [ECF No. 1-1]. Irvine claims that his life sentence functioned as a "true split sentence" that required his automatic release to parole after he served twenty-five years, so his continued confinement constitutes "illegal detainment" and violates his due-process rights. *Id.* at 5. The State filed a Response [ECF No. 11], arguing in part that the Petition "should not be considered timely . . . under the Antiterrorism and Effective Death Penalty Act[.]" Resp. at 1. Irvine hasn't replied. *See generally* Docket. After careful review, we agree with the State and **DISMISS** the Petition as untimely.

## THE FACTS

On July 17, 1987, Irvine was adjudicated guilty in Florida state court of two counts of first-degree murder and two counts of unarmed burglary of an occupied dwelling (with an assault). *See* Judgment [ECF No. 12-2] at 1. For these crimes, he was sentenced to life in prison and placed on death row. *See* September 15, 1987 Sentence [ECF No. 12-2] at 12–15. Three years later, the state

court vacated Irvine's judgment and set him for a new trial. *See* Interoffice Memorandum [ECF No. 12-3] at 3. On July 1, 1993, after he was re-tried, Irvine was found guilty of the same four counts and sentenced to life in prison "less 2,196 days" in jail credit. *See* July 1, 1993 Sentence [ECF No. 12-4] at 13–15. Irvine appealed on July 22, 1993. *See* Notice of Appeal, *State v. Irvine*, No. F84-009397-C (Fla. 11th Cir. Ct. July 22, 1993), DIN No. 438.

On November 15, 1995, Florida's Third District Court of Appeal ("Third DCA") affirmed Irvine's conviction and sentence. *See* Opinion, *State v. Irvine*, No. 3D1993-1859 (Fla. 3d DCA Nov. 15, 1995). Irvine moved for rehearing, which the Third DCA denied on December 20, 1995. *See* Order on Motion for Reconsideration, *State v. Irvine*, No. 3D1993-1859 (Fla. 3d DCA Dec. 20, 1995). Neither his state- nor appellate-court dockets show that Irvine sought discretionary review of the Third DCA's order affirming his conviction in the Florida Supreme Court. *See generally* Docket, *State v. Irvine*, No. F84-009397-C (Fla. 11th Cir. Ct.); Docket, *State v. Irvine*, No. 3D1993-1859 (Fla. 3d DCA).

Irvine didn't file a state postconviction motion until December 4, 1997. *See* Motion for Post Conviction Relief, *State v. Irvine*, No. F84-009397-C (Fla. 11th Cir. Ct. Dec. 4, 1997), DIN No. 490. As best we can tell, the trial court denied that motion on March 31, 1998. *See* Order Denying Defendant's Motion for Postconviction Relief, *State v. Irvine*, No. F84-009397-C (Fla. 11th Cir. Ct. Mar. 31, 1998), DIN No. 498.[1] On June 5, 1998, Irvine filed an original petition for writ of habeas corpus in the Third DCA, *see* Original Petition, *Irvine v. Singletary*, No. 3D1998-1446 (Fla. 3d DCA June 5, 1998), which the Third DCA denied, *see* Disposition by Opinion, *Irvine v. Singletary*, No. 3D1998-1446 (Fla. 3d DCA June 11, 1998).

---

[1] The State didn't attach Irvine's 1997 motion for postconviction relief (or the state court's denial order) as an exhibit. *See generally* Appendix [ECF No. 12]. But we may take judicial notice of Irvine's state-court dockets in determining the timeliness of his habeas petition. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (holding that the "[d]istrict [c]ourt could properly notice the [petitioner's] state court docket sheets" in a § 2254 proceeding).

### THE LAW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a person in custody pursuant to the judgment of a State court" has one year to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). That one-year period "runs from the latest of" the following dates:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)–(D).

AEDPA's limitations period can be tolled in three ways. *First*, there's "statutory tolling": The limitations period will be tolled for any period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" before the state court. 28 U.S.C. § 2244(d)(2). *Second*, a petitioner may avail himself of "equitable tolling" if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *Third*, in extremely limited circumstances, a habeas petitioner can present an untimely claim if he shows that he's "actually innocent" of the crime. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) ("[Actual innocence] serve[s] as a gateway to consideration of constitutional claims time-barred under

3

AEDPA's one-year limitations period."). To avail himself of the actual-innocence exception, a petitioner must satisfy two elements. *One*, he must "support the actual innocence claim 'with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). In this context, "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (cleaned up). *Two*, he must show "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." *Rozzelle*, 672 F.3d at 1011 (cleaned up).

## ANALYSIS

We agree with the State that Irvine's Petition is untimely. After the Third DCA affirmed his conviction in a written opinion, it denied Irvine's motion for rehearing on December 20, 1995. *See* Order on Motion for Reconsideration, *State v. Irvine*, No. 3D1993-1859 (Fla. 3d DCA Dec. 20, 1995). Irvine didn't seek discretionary review in the Florida Supreme Court, so his conviction became final on **Friday, January 19, 1996**—thirty days after the Third DCA denied his motion for rehearing. *See, e.g.*, *Mobley v. Sec'y, Fla. Dep't of Corr.*, 2023 WL 270143, at *2 (M.D. Fla. Jan. 18, 2023) (Howard, J.) ("Accordingly, Mobley's judgment became final on Monday, December 31, 2012 (thirty days after the First DCA denied his motion for rehearing on direct appeal) because he did not seek review in the Florida Supreme Court." (citations omitted)); *Crowell v. Sec'y, Dep't of Corr.*, 2024 WL 947523, at *2 (N.D. Fla. Feb. 2, 2024) (Cannon, Mag. J.) ("Therefore, the conviction became final on January 13, 2020, thirty (30) days after the First DCA denied rehearing, because that is when the time for seeking discretionary review expired." (citing FLA. R. APP. P. 9.120(b))), *report and recommendation adopted*, 2024 WL 943935 (N.D. Fla. Mar. 5, 2024) (Collier, J.).

4

Irvine's one-year limitations period started running the next business day, on **Monday, January 22, 1996**. *See, e.g.*, *Truesdale v. Sec'y, Dep't of Corr.*, 2015 WL 9474614, at *2 (M.D. Fla. Dec. 29, 2015) (Honeywell, J.) ("Accordingly, Truesdale's AEDPA limitation period began running on June 24, 2009, the day after his judgment and sentence became final."); *Chin v. United States*, 2019 WL 3857898, at *2 n.5 (M.D. Fla. Aug. 16, 2019) (Chappell, J.) ("Because the 365 days expired on Sunday, April 8, 2018, Chin had until the next business day to file a timely [habeas application]."). Irvine "had one year from that date, absent any tolling, to file a federal habeas petition." *Stephens v. Sec'y, Dep't of Corr.*, 2019 WL 4918711, at *2 (M.D. Fla. Oct. 4, 2019) (Jung, J.) (citing 28 U.S.C. § 2244(d)(1)(A)). Because Irvine didn't file a postconviction motion within the next 365 days, his limitations period kept running untolled and expired on **Wednesday, January 22, 1997**. *See, e.g.*, *Burns v. Sec'y, Fla. Dep't of Corr.*, 2025 WL 1697152, at *3 (M.D. Fla. June 17, 2025) (Corrigan, J.) ("The one-year limitations period began the next day . . . and expired one year later without the filing of a tolling motion.").

Three hundred and sixteen (316) days *after that*, Irvine filed his first postconviction motion (on **Thursday, December 4, 1997**). *See* Motion for Post Conviction Relief, *State v. Irvine*, No. F84-009397-C (Fla. 11th Cir. Ct. Dec. 4, 1997), DIN No. 490. But that motion didn't toll the limitations period because that limitations period had already expired. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (observing that a postconviction motion filed after the AEDPA limitations period has expired cannot "toll that deadline because, once a deadline has expired, there is nothing left to toll"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA limitations] period because there is no period remaining to be tolled").[2] Irvine didn't file this Petition

---

[2] For this reason, Irvine's original state habeas petition, which he filed on June 5, 1998 in the Third DCA didn't toll his already-expired limitations period. *See* Original Petition, *Irvine v. Singletary*, No. 3D1998-1446 (Fla. 3d DCA June 5, 1998).

until **Friday, May 16, 2025**—*over twenty-eight years* after his limitations period expired on January 22, 1997—which makes his Petition plainly (very) untimely.

It's true (of course) that a § 2254 petition can still be timely under the alternative limitations periods of § 2244(d)(1) *or* if one of the non-statutory exceptions (*e.g.*, equitable tolling or actual innocence) applies. The trouble here, though, is that none of these apply to Irvine's Petition. Irvine makes no mention of timeliness anywhere: The "Timeliness of Petition" section of his Petition was left completely blank, *see* Petition at 9–10; his Memorandum doesn't say anything about timeliness, actual innocence, or equitable tolling, *see generally* Memorandum; and he never replied to the State's untimeliness arguments, *see generally* Docket. Irvine, in other words, "doesn't allege that there was an impediment to filing an application created by State action, a newly recognized constitutional right made retroactively applicable to cases on collateral review, or a new 'factual predicate' that couldn't have been discovered earlier through the exercise of due diligence," so he can't avail himself of § 2244(d)(1)'s other limitations periods. *Mingst v. Dixon*, 2022 WL 16857028, at \*4 (S.D. Fla. Nov. 10, 2022) (Altman, J.) (citing 28 U.S.C. § 2244(d)(1)(B)–(D)).

Since Irvine has failed to affirmatively assert that these exceptions apply, he can't rely on them to save his Petition. *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002) ("The *petitioner* has the burden of proving entitlement to equitable tolling by showing that extraordinary circumstances that were beyond his control and unavoidable even with diligence prevented filing the petition on time." (cleaned up)); *Castillo v. Dixon*, 2022 WL 2651623, at \*5 (S.D. Fla. July 8, 2022) (Altman, J.) ("Castillo's actual-innocence claim fails at the first step because he's identified *no evidence* (let alone 'new reliable evidence' that 'was not presented at trial') to support his conclusory claims of innocence." (quoting *Arthur*, 452 F.3d at 1245)). In other words, by his silence, Irvine has forfeited any argument he could have made to render his Petition timely. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue,

6

and therefore the issue may be raised by the court *sua sponte* [only] in extraordinary circumstances.");
*see also Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue [forfeits] it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed [forfeited]."). Since no exception applies, we **DISMISS** Irvine's Petition as time-barred.

### EVIDENTIARY HEARING

We don't need a hearing to develop the factual record in this case. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." (cleaned up)). Since the Petition is plainly untimely, a hearing would be a waste of judicial time and resources.

### CERTIFICATE OF APPEALABILITY

A Certificate of Appealability ("COA") is appropriate only when the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, therefore, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)). Because no jurists of reason would debate the correctness of our procedural ruling, we **DENY** any request for a COA.

\*     \*     \*

7

We therefore **ORDER AND ADJUDGE** that Michael Irvine's Petition [ECF No. 1] is **DISMISSED** as time-barred, that a COA is **DENIED**, that any request for an evidentiary hearing is **DENIED**, that all deadlines are **TERMINATED**, and that any pending motions are **DENIED** as moot. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on March 20, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      Michael Irvine, *pro se*